**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAIME ADOLFO CASTRO-AGUILAR, | No.   22-2070 |
| Petitioner, | Agency No. A029-530-072 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM<sup>*</sup> |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 5, 2023
Pasadena, California

Before: BEA, M. SMITH and VANDYKE, Circuit Judges.

Jaime Adolfo Castro-Aguilar petitions the court to review the BIA's dismissal

of his appeal from the Immigration Judge's (IJ) decision denying him asylum,

withholding of removal under the Immigration and Nationality Act (INA), and

deferral of removal under the Convention Against Torture (CAT).   We have

---

<sup>*</sup> This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

Castro-Aguilar is a native and citizen of El Salvador who entered the United States without authorization in 1985 and soon joined the MS-13 gang. In 1987, he pleaded guilty to murdering a man he thought was a member of a rival gang. Shortly after he was released from prison 28 years later, the Department of Homeland Security (DHS) served him a notice to appear at a removal hearing on the charge that he was removable because of the murder conviction.

After the removal proceedings began, Castro-Aguilar applied for asylum and sought withholding of removal under the INA and deferral of removal under the CAT. He testified at his removal hearing that he feared he would be tortured by multiple groups in El Salvador if he were removed there: (1) rival gangs and an anti-gang paramilitary group that would think he was still a member of MS-13 and (2) MS-13 members who would think he left the gang while in prison. He further testified that a corrupt Salvadoran government would facilitate or acquiesce to his persecution by those groups.

The IJ denied all relief. It found that Castro-Aguilar was ineligible for asylum and withholding of removal because the murder he committed was a "particularly serious crime" under 8 U.S.C. § 1231(b)(3)(B)(ii). And it found that Castro-Aguilar was ineligible for CAT relief because he had not shown that it was more likely than not that he would be tortured in El Salvador by or with the acquiescence of the

Salvadoran government.

Castro-Aguilar administratively appealed the IJ's decision, and the BIA affirmed. The BIA incorporated the IJ's reasons for determining that Castro-Aguilar had committed a "particularly serious crime" that barred asylum and withholding of removal. It found that the IJ had not erred by not considering an argument Castro-Aguilar had not specifically raised about the possibility that he was suffering from PTSD at the time of the murder. It also found that the IJ had not erred by considering his "immediate and continued lack of remorse" as a circumstance of the offense. And it affirmed that Castro-Aguilar had not shown that it is more likely than not that he would be tortured by or with the acquiescence of the Salvadoran government.

Castro-Aguilar petitioned us to review the BIA's denial of asylum, withholding of removal, and CAT relief. He raises two issues on appeal: first, whether the agency erred when it found that his murder conviction was a particularly serious crime that bars asylum and withholding of removal, and, second, whether the agency erred when it found that Castro-Aguilar had not shown that it is more likely than not that he will be tortured by or with the acquiescence of the government of El Salvador.

Clear standards govern our review. If the BIA incorporates an IJ's analysis when it denies asylum, withholding of removal, or CAT relief, we review both the IJ and BIA decisions for substantial evidence to support denial. *Salguero Sosa v.*

3

*Garland*, 55 F.4th 1213, 1217 (9th Cir. 2022). An applicant is barred from receiving asylum or withholding of removal under the INA if he was convicted of a "particularly serious crime." 8 U.S.C. § 1231(b)(3)(B)(ii). To determine whether the murder Castro-Aguilar committed was such a "particularly serious crime," the agency needed to examine (1) the nature of the conviction, (2) the type of sentence imposed, and (3) the circumstances and underlying facts of the conviction. *Matter of Frentescu,* 18 I. & N. Dec. 244, 247 (B.I.A. 1982); *see also Anaya-Oritz v. Holder*, 594 F.3d 673, 679 (9th Cir. 2010) (explaining that "a separate determination of danger to the community is not required"). Even if Castro-Aguilar was barred from asylum and withholding of removal under the INA, he still could obtain deferral of removal under CAT if he showed it is more likely than not that the government of El Salvador will torture him or acquiesce in his torture. 8 C.F.R. § 1208.16(c)(2).

We will not reverse the agency's finding that a "particularly serious crime" bars an applicant's receipt of asylum or withholding of removal under the INA if "the agency relied on the appropriate factors and proper evidence." *Hernandez v. Garland*, 52 F.4th 757, 765 (9th Cir. 2022). Here, the agency examined each required *Frentescu* factor and in that analysis permissibly (1) considered Castro-Aguilar's immediate and continued lack of remorse,[1] *see Arbid v. Holder*, 700 F.3d

_____

[1] To the extent the IJ did not explicitly consider that the parole board, at the sixth and final hearing, concluded that he had at that point shown remorse, any such failure is harmless. On appeal, Castro-Aguilar has failed to offer any explanation for how

4

379, 385 (9th Cir. 2012), and (2) did not consider a dangerousness finding made by Castro-Aguilar's sixth parole board, *see Matter of Carballe*, 19 I. & N. Dec. 357, 359–60 (BIA 1986). And nothing in the record compels a conclusion that the agency improperly read Castro-Aguilar's psychological evaluation diagnosing PTSD in 2018 to make no mention or reference to PTSD he may have suffered from at the time of the murder in 1987.

Castro-Aguilar's argument that the agency erred when it denied him deferral of removal under CAT fares no better. To obtain that relief, he needed to show that he faces a greater than fifty percent likelihood of being tortured by or with the acquiescence of the Salvadoran government if he is removed. 8 C.F.R. § 1208.16(c)(2). Yet he only introduced evidence that El Salvador suffers from levels of generalized violence that do not show that Castro-Aguilar himself faces greater than a fifty percent likelihood of "extreme … cruel and inhuman treatment" at the hands of anyone in El Salvador—let alone at the hands of or with the acquiescence of the Salvadoran government. 8 C.F.R. § 1208.18(a)(2).

Petitioner's motion to stay removal, and supplemental motion to stay removal, (Dkt.

---

an explicit consideration of that last conclusion by the parole board twenty-eight years after the murder would have changed the IJ's conclusion that he committed a particularly serious crime. *See, e.g., Zamorano v. Garland*, 2 F.4th 1213, 1228 (9th Cir. 2021) (explaining that, where appropriate, a reviewing court applies the doctrine of harmless error when reviewing a final order of removal); *Khudaverdyan v. Holder*, 778 F.3d 1101, 1107 n.3 (9th Cir. 2015) (applying the harmless error rule).

Nos. 4, 8), are denied.

**PETITION DENIED**.